# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

DKD ELECTRIC COMPANY, INC.,

      Plaintiff,

v.                                                                                        No. CIV 97-1026 BB/LFG

ALLIED TUBE AND CONDUIT, INC., ROME CABLE CORPORATION, GE SUPPLY, an unincorporated division of General Electric Company, and BORDER STATES INDUSTRIES, INC., d.b.a. Border States Electric Supply, Inc.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## PERMITTING INTERVENTION

THIS MATTER is before the Court on the *Motion to Intervene* [#73] of Federated Service Insurance Company ("Federated"). The Court having considered the briefs of counsel, FINDS the motion is well taken and it will be Granted.

## **Discussion**

### I. **Facts**

The Plaintiff, DKD Electric Company, Inc. ("DKD"), is an electrical contractor that worked on a sensitive Intel project in Rio Rancho, New Mexico, during 1997. DKD purchased electrical conduit from Border States Electric that was manufactured by Allied Tube and Conduit, Inc. ("Allied"), that is alleged to be defective. DKD purchased wire manufactured by Rome Cable Corporation from GE Supply. DKD alleges that the wire was also defective. After partial installation of the wire and conduit, DKD had to remove the defective materials at an alleged cost of $2,000,000, not including lost profits. Federated paid DKD $500,000 under DKD's insurance coverage and claims subrogation for that amount.

Federated circulated a complaint-in-intervention in December 1997 and has participated in all discovery except depositions of Allied Tube and Conduit employees to which Allied objected. Federated filed its motion to intervene on March 9, 1998; it is opposed by Allied.

### II. **The Legal Standard**

Under New Mexico law, Federated has a right to partial subrogation. *Amica Mut. Ins. Co. v. Maloney*, 903 P.2d 834 (N.M. 1995). However, whether a

subrogated insurer should be permitted to intervene is a procedural question to be governed by federal not state law.  *United States v. Aetna Casualty & Sur. Co.*, 338 U.S. 366, 382 (1949); *Gas Serv. Co. v. Hunt*, 183 F.2d 417 (10th Cir. 1950).

In order to intervene under Federal Rule of Civil Procedure 24(a)(2), the movant must meet the following requirements: (1) submit a timely application to intervene, (2) demonstrate an interest in the property or transaction, (3) show that the intervenor's ability to protect such interest might be impaired, and (4) demonstrate that the interest is not adequately represented by the existing parties. *In re Kaiser Steel Corp.*, 998 F.2d 783, 790 (10th Cir. 1993); *Lucero Through Chavez v. City of Albuquerque*, 140 F.R.D. 455, 458-59 (D.N.M. 1992).  In keeping with the policy of Rule 24 to promote judicial economy by avoiding multiple disputes, the Rule should be liberally construed.  *Miller v. Amusement Enters., Inc.*, 426 F.2d 534 (5th Cir. 1970); *Kozak v. Wells*, 278 F.2d 104 (8th Cir. 1960).

### III. <u>Federated Meets the Standard</u>

  a. <u>The application is timely</u>

Only Allied argues the application is untimely and its argument is unpersuasive.  It is not contended that discovery is closed or dispositive motions pending.  Rather, even at this very early stage in the proceedings, Federated has already participated in virtually all the significant discovery.  The motion is

timely.  *See Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103 (5th Cir. 1970); *In re Commonwealth Oil/Tesoro Petroleum Corp. Sec. Litig.*, 467 F. Supp. 227 (W.D. Tex. 1979).

### b. Federated has sufficient interest in the subject

"An insurer who has paid its insured under an insurance policy, and is subrogated to the insured's right of recovery against a third-party tortfeasor, has a sufficient interest to intervene of right in an action by the insured against the tortfeasor."  26 FED PROC, L ED § 59:283 (1984 Lawyer's Co-op).  *See also Black v. Texas Employers Ins. Ass'n*, 326 F.2d 603 (10th Cir. 1964).

### c. Without intervention, Federated interest may be impaired

Although DKD's damages for labor and material expenses must be reimbursed up to the amount of Federated's full payment, money which DKD recovers on its lost profits claim arguably does not need to be reimbursed to Federated.  In prosecuting its claims, therefore, DKD may have some motivation to pursue its lost profits claim, potentially in preference to its claim to recover costs of materials and labor.  Likewise in settlement discussions, DKD has an interest in establishing that any settlement amount is attributable to the lost profits claim instead of those to which Federated is subrogated.

### d. Federated's interest will not be fully protected

Federated's complaint raises claims in negligence against some of the Defendants, while DKD has chosen not to pursue such claims. If Federated is not permitted to intervene, its negligence theory will not be pursued.

## IV. Federated Should be Permitted Full Party Status

GE Supply does not oppose Federated's motion to intervene, but requests "this Court's guidance with respect to Federated's role in the litigation." This inquiry results from New Mexico law which permits an insurer to claim its right of subrogation but permits no participation in the actual litigation until after judgment. *Amica, supra.; see also Safeco Ins. Co. v. United States Fidelity & Guar. Co.,* 679 P.2d 816 (N.M. 1984). However, while the federal court is bound to follow the state law as to whether an insurance company has a legal right to contribution once that right is recognized by state law, the procedure for enforcing such right is governed by federal law. *Kelley v. Summers,* 210 F.2d 665 (10th Cir. 1954); *Harris v. Reeves,* 946 F.2d 214 (3d Cir. 1991), *cert. denied,* 503 U.S. 952 (1992). Following federal procedure, the generally recognized rule is that once intervention is granted, the intervenor becomes a party entitled to litigate fully on the merits. *United States v. City of Hialeah,* 899 F. Supp. 603 (11th Cir. 1994); *Chalmers v. United States,* 43 F.R.D. 286 (D. Kan. 1967); *Hartley Pen Co. v. Lindy*

*Pen Co.*, 16 F.R.D. 141 (S.D. Cal. 1954). On the present record, the Court perceives no reason the general rule would not be applicable. This will also resolve the issue as to any restrictions on Federated's participation in discovery.

### **O R D E R**

Based on the reasons set forth above, the motion of Federated Service Insurance Company shall be **GRANTED**, and it shall be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2).

Dated at Albuquerque this 19th day of March, 1998.

 

 

_____
BRUCE D. BLACK
United States District Judge


Counsel for Plaintiff:
    Marshall G. Martin, Christine M. Landavazo, Hinkle Law Firm, Albuquerque, NM
Counsel for Plaintiff-in-Intervention:
    Charles R. Peifer, Browning & Peifer, Albuquerque, NM
Counsel for Defendants:
    Charles J. Noya, Villella, Skarsgard & Noya, Albuquerque, NM
    Spencer Reid, Thomas C. Bird, Keleher & McLeod, Albuquerque, NM
    Lisa P. Ford, Beall & Biehler, Albuquerque, NM
    Michael H. Harbour, Madison, Harbour & Mroz, Albuquerque, NM