IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DKD ELECTRIC COMPANY, INC.,

    Plaintiff,

vs.                                            No. CIV 97-1026 BB/LFG

ALLIED TUBE AND CONDUIT, INC.;

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ON DKD ELECTRIC'S MOTION TO COMPEL FINANCIAL INFORMATION

THIS MATTER is before the Court on Plaintiff DKD Electric Company, Inc.'s ("DKD") Motion to Compel Financial Information from Allied Tube and Conduit, Inc. ("Allied") [Doc. 158]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary.

DKD seeks to compel Allied to produce information requested in DKD's Third Set of Interrogatories Nos. 15 and 16 and DKD's Third Request for Production Nos. 22 and 23. Both the interrogatories and requests for production seek extensive financial information relating to Allied.

Interrogatory No. 15 requests that Allied provide information relating to "total sales and revenue, total expenses, net income before income taxes, and net income of Allied, and of corporations wholly owned or controlled by Allied, for each of five years preceding the filing of this lawsuit."

Similarly, in Interrogatory No. 16, DKD seeks to have Allied "describe the total sales and revenue, cost of sales, total expenses, total income before income taxes and resulting net income from

operations related to the manufacture of the Kwik-Fit EMT product line and EMT conduit in general, for the five years preceding the filing of this lawsuit." DKD's requests for production of documents track the information sought in the interrogatories.

Allied objects to the production of information, stating that DKD is not entitled to the financial information requested, and that DKD's request is overly broad and intended only to harass Allied.

It is undisputed that evidence of a party's net worth is relevant to the issue of punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981); Ramsey v. Culpepper, 738 F.2d 1092 (10th Cir. 1984); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 2811 (C.D. Cal. 1998).

Here, DKD has indeed stated a claim for punitive damages. The fact that a claim has been asserted, however, does not mean that any garden variety claim for punitive damages entitles the claiming party to have wholesale access to a defendant's financial information. A court may properly limit discovery to protect a defendant from unfair disclosure by limiting the use of information or requiring that the information provided be under seal or under strict conditions to govern its use. Further, a court may prevent the unfair disclosure of information acquired during the course of discovery. Here, the Court directed that a confidentiality order be entered. Thus, any information produced in response to the requests for production or interrogatories is governed by the terms of the confidentiality order.

DKD seeks financial information for a period spanning five years prior to filing suit. This request is overly broad, burdensome and irrelevant to the issue of punitive damages. Evidence of past net worth bears no relevancy to a party's present ability to satisfy a punitive damage claim. Indeed,

only evidence of a defendant's present net worth is to be considered.  <u>Woods-Drake v. Lundy</u>, 667 F.2d 1198 (5th Cir. 1982).  A defendant's net worth from years past simply bears no relevancy to the punitive damage issue.

In <u>Cincinnati Ins. Co. v. Clark</u>, 1992 WL 34128 (E.D. Pa. 1992)(No. Civ. A 91-0820), the court was faced with the similar issue.  There, the court stated that only evidence of present net worth was relevant.  The court required the production of financial information, but limited the production to a statement of the defendant's present net worth.  So, too, here.  The Court will grant in part and deny in part the motion to compel.  The Court will require Allied to provide a statement of its current net worth.  The Court will not require Allied to produce any supporting documentation, balance sheets, profit-an-loss statements, tax information, sales information, or any other information sought by DKD.  All that is required is a sworn statement disclosing its present net worth.

Further, the Court restricts the use of this information.  It is to be used for purposes of this litigation only and may not be disseminated outside this litigation.  At the conclusion of the litigation, the information is to be returned to Allied without DKD retaining any copies of the information.  Allied is directed to submit its statement of net worth to DKD within ten days.

                                                           */s/ Lorenzo F. Garcia*
                                                           Lorenzo F. Garcia
                                                           United States Magistrate Judge

ATTORNEYS FOR DKD:
Marshall G. Martin, Esq.
Eric D. Lanphere, Esq.

ATTORNEYS FOR ALLIED:
Charles J. Noya, Esq.
Daniel R. Frost, Esq.