IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DKD ELECTRIC COMPANY, INC.,

       Plaintiff,

FEDERATED SERVICE INSURANCE COMPANY,

       Plaintiff-in-Intervention,

 vs.                                     No. CIV 97-1026 BB/LFG

ALLIED TUBE AND CONDUIT, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## STRIKING PLAINTIFF'S SUPPLEMENT TO EXPERT REPORT
## AND DENYING DEFENDANT'S MOTION
## TO DESIGNATE AN ADDITIONAL EXPERT

THIS MATTER is before the Court on Defendant Allied Tube and Conduit, Inc.'s Motion to Designate an Additional Expert Witness [Doc. 197]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed on September 11, 1998.

Allied Tube and Conduit, Inc. ("Allied") seeks to designate an additional expert to respond to Allied's "supplement" expert report. The Court directed that the Plaintiff DKD Electric Company, Inc. ("DKD") designate its experts and deliver its Fed. R. Civ. P. 26 reports no later than April 6, 1998. Indeed, DKD's expert report was delivered on that date. However, some three months after DKD's deadline for submitting an expert report, it served what it claims is a "supplement" to its expert's earlier report.

Allied now seeks to designate a new expert to respond to the supplement. For the reasons stated hereafter, the Court denies Allied's request. The request is denied because it will not be necessary. Instead, the Court strike's DKD's supplement report and will preclude its expert from testifying as to matters contained in its supplement.

## Disclosure Obligations Under Fed. R. Civ. P. 26(a)(2)

The rules of discovery applicable to civil proceedings in federal court were dramatically changed in December 1993. These changes require automatic disclosure of certain information without the opposing party having to make a discovery demand. The rule contemplates mandatory initial disclosures, Rule 26(a)(1); mandatory disclosure of expert testimony and reports, Rule 26(a)(2); and disclosure of trial evidence, Rule 26(a)(3).

Rule 26(a)(2) requires disclosure of the identity of a party's expert, together with disclosure of the expert's detailed report. The rules of procedure require that the written report "shall contain" the following six items:

1. a complete statement of <u>all</u> opinions to be expressed and the basis and reasons therefor (emphasis added);

2. the data or other information considered by the witness in forming the opinion;

3. any exhibits to be used as a summary of or support for the opinion;

4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

5. the compensation to be paid for the study and testimony; and,

6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

These mandatory disclosure obligations are intended to further the salutary purposes of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* Advanced knowledge of an opponent's proof on a claim or defense is an invaluable aid in deciding whether a party should settle or litigate. If a party is better able to evaluate the strength and weakness of his opponent's case, settlement is more likely. Similarly, if the case is one that must be tried, advance knowledge of the opponent's evidence assists in preparing to meet the proofs at trial. The case can be presented more efficiently, expeditiously and economically, thus fulfilling the purposes of the Civil Justice Reform Act.

The Advisory Committee Commentaries to Rule 26(a) state:

> This subdivision [26(a)] imposes a duty on the parties to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement.

Trial by ambush is no longer an accepted litigation strategy. The new disclosure rules, when considered in light of the liberal discovery favored by federal courts, mandate full disclosure at an early stage of the proceeding. The scope of disclosure is significant. The Advisory Committee Commentary states:

> Paragraph (2)(b) requires that persons retained or specially employed to provide expert testimony, . . . must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor.

Advisory Committee Commentary, ¶ 2.

Disclosure of all opinions and the basis for the opinions is consistent with the broad and liberal discovery contemplated by federal rules. These rules are designed to "[m]ake a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-

87 (1958)(citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947)).

In Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277 (8th Cir.), *cert. denied*, 516 U.S. 822 (1995), the Eighth Circuit recognized the purpose of requiring expert reports, "[T]he elimination of unfair surprise to the opposing party and the conservation of resources." Id. at 284. Full, early disclosure is now the norm. A party may not escape its responsibilities under a federal rule by the use of a "supplement."

Just as the scope of expert disclosure is great, so are the risks for non-compliance. Again, the federal Advisory Committee Commentaries are helpful. "Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." Here, it is clear that DKD did not fully disclose all of the opinions that its expert now seeks to disclose. Id.

In G.E.M. Realty Trust v. First National Bank of Boston, 1995 WL 127825 (D. N.H., March 20, 1995)(No. CIV 93-606-SD), the plaintiff failed to disclose its expert within the time frame established by the court. The court determined that the appropriate sanction would be to preclude the expert from testifying. Similarly, in Sylla-Sawdon v. Uniroyal Goodrich Tire Co., plaintiff failed to file a timely expert report and otherwise failed to comply with some requirements of Rule 26. The expert report contained a twenty-line affidavit without all of the information required by the Rule. Defendant filed a motion in limine seeking to exclude the expert or to limit the testimony to the opinion offered in the initial report. Defendant argued there that the expert was available for deposition, and, thus, the full extent of the expert's opinions could be discovered. The court rejected the argument and limited the expert to testifying only to the information provided in the initial report. On appeal, the circuit affirmed the court's ruling, stating, "[T]he failure to comply with the scheduling

order is not excused because (defendant) elected to depose Kelsey [the expert]." Id. at 284.  To rule otherwise would frustrate the purpose of the rule, which is, "[t]he elimination of unfair surprise to the opposing party and the conservation of resources." Id. at 5.  The court concluded, "[T]he necessity of the deposition frustrated the purpose of the District Court's scheduling order and today would likewise frustrate the purposes of 26(a)(2)(B)." Id.

In Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995), the court held that "[T]he requirements of Rule 26(a) are mandatory as to any expert retained to testify.  If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case."

Here, DKD argues that Dr. Lee has rendered no new opinions in his supplement report.  DKD states, "He [Dr. Lee] simply further justified/reinforced his conclusions with additional data." (Response, p. 1).  Thus, under a claim of "supplementation," DKD seeks to expand the opinions and the basis for the opinions previously offered by Dr. Lee.

## **Supplementation**

Fed. R. Civ. P. 26(5)(e) provides:

> A party who has made disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
>> (1) a party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing.

There is no contention that Dr. Lee's original report contained an error that needed to be corrected. Nor is there is a claim that, subsequent to the preparation of his April 6, 1998 report, new information was discovered which required that the original report be supplemented because the original opinion was no longer correct. To the contrary, DKD states that no new opinion is being offered, rather, the old opinion is being buttressed. Dr. Lee's supplemental report was served approximately three months after the deadline for DKD to serve its expert report. Claiming that information was acquired after the filing of the report, Dr. Lee asserts an entitlement to a supplement.

The new rules of civil procedure simply do not contemplate "preliminary reports" followed by "supplementary reports." Rather, the rules mandate production of a detailed and complete report with full disclosure of opinions. To allow otherwise would thwart opposing counsel's ability to evaluate the strength and weaknesses of the case. There would be no finality to expert reports, as each side, in order to buttress the case, would seek to "supplement" existing reports and modify opinions previously given. This is exactly what is occurring here. DKD seeks to buttress its report, and Allied now seeks to oppose the supplementation. Indeed, if the Court allowed a new expert, it can foresee DKD asking for yet another supplement to challeng Allied's new opinion. This practice would circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines because new reports and opinions would warrant a new round of consultation with one's own expert and virtually require a new round of depositions. This process would hinder rather than facilitate settlement negotiations or trial.

The Court rejects the contention that Dr. Lee's supplement is authorized under Rule 26(5)(e). The Court notes that its ruling in this case is consistent with Circuit Judge Paul Kelly's ruling in <u>Resolution Trust Corp. v. Gregory</u>, D. N.M. CIV 94-0052. There, Judge Kelly, sitting by

designation, rejected the plaintiff's argument that it could file "supplements" intended to "deepen" and strengthen its own expert's prior report. Judge Kelly wrote:

> Fed. R. Civ. P. 26(a)(2)(B) requires that an expert witness report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor" to facilitate discovery. Although Fed. R. Civ. P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues that should have been included in the expert witness's report (indeed the lawsuit) from the outset.

The Court concludes that Dr. Charles Lee's "supplement" was served nearly three months after the deadline for serving expert reports. The Court had not previously granted DKD an extension of time to serve an untimely report. The Court finds that a supplement to further justify or reinforce an earlier conclusion with additional data is improper, and, accordingly, the Court strikes the supplement report and precludes DKD's expert from testifying on direct examination as to matters contained in the supplement report. DKD's expert's testimony should be limited to matters timely disclosed in his April 6, 1998 report.

Because the Court is striking the supplement report, Allied's motion to designate an additional expert is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFF:
Marshall G. Martin, Esq.
Eric D. Lanphere, Esq.
ATTORNEY FOR PLAINTIFF-
IN-INTERVENTION:
Charles R. Peifer, Esq.
ATTORNEYS FOR ALLIED TUBE:
Charles J. Noya, Esq.
Daniel R. Frost, Esq.